NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0039n.06

No. 24-1435

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

KRISTA JONES,

      Plaintiff-Appellant,

v.

INTERLAKE STEAMSHIP COMPANY; MARINE ENGINEERS' BENEFICIAL ASSOCIATION, DISTRICT 1-PCD,

      Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jan 27, 2025
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before:  KETHLEDGE, THAPAR, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge.  Krista Jones appeals the district court's grant of summary judgment to the Marine Engineers' Beneficial Association, and its denial of her motion to amend her complaint.  We reject her arguments and affirm.

I.

In March 2018, Interlake Steamship Company assigned Krista Jones to work as the chief steward (head cook) aboard the *Stewart J. Cort*—a 1,000-foot freighter that routinely carries iron ore from the far western end of Lake Superior to Chicago.  As chief steward, Jones prepared the crew's meals, supervised the ship's kitchen staff, and was a dues-paying member of the union for Interlake's supervisory officers, namely the Marine Engineers' Beneficial Association.

On May 29, 2019, the *Cort* was taking on ore in Superior, Wisconsin.  Jones worked that day from 7:00 a.m. until roughly 5:40 p.m.  Although the ship was scheduled to leave at 6:00 p.m., a crew member told Jones that loading the ship would take another hour and a half.  Jones then left

the ship to run an errand on shore and returned just before 7:00 p.m.—by then the ship had departed. Interlake fired her the next morning.

On May 31, Jones called the union and demanded that they challenge her termination. Union officials told her there was nothing they could do because she had missed the ship. In late June, Jones requested a copy of the union's collective-bargaining agreement, for which she paid a $25 processing fee. That agreement stated that most union members could be terminated only for just cause, and that the union could arbitrate whether a member's termination had violated that clause. But Jones found that a "side letter" to the agreement excluded chief stewards (and captains) from these rights. Thus, under the agreement, Interlake could terminate Jones at will—despite her union membership.

Jones nonetheless pressured the union to act. In July, Jason Callahan, the union's vice president, investigated her allegations but found she lacked a basis to challenge her termination. Callahan therefore refused to seek arbitration of Jones's claim. A month later, the union's "district-executive committee" reached the same conclusion.

Jones thereafter sued both Interlake and the union in state court, claiming (under both federal and state law) that Interlake had breached the collective-bargaining agreement by firing her without just cause. Jones also claimed the union had breached its duty of fair representation by refusing to arbitrate her claims against Interlake and by having agreed to classify chief stewards as at-will employees through the side letter. In December 2019, Interlake removed the case to federal court; Jones then amended her complaint to add a claim against the union for charging her $25 for a copy of the collective-bargaining agreement.

Interlake later moved to dismiss, and the union moved for summary judgment. The district court construed Jones's claims against the union and Interlake, regarding her termination, as a

"hybrid" claim under Section 301 of the Labor Management Relations Act. 29 U.S.C. § 185(a). The court dismissed that claim against both defendants, because Jones had not plausibly alleged that Interlake had breached the collective-bargaining agreement. *See, e.g.*, *Swanigan v. FCA US LLC*, 938 F.3d 779, 784 (6th Cir. 2019). The court dismissed as time-barred Jones's standalone fair-representation claim regarding the union's agreement to the side letter. The court also dismissed Jones's processing-fee claim—holding that the union could collect a "modest printing charge" for copies of a collective-bargaining agreement. Finally, the court dismissed as preempted her state-law claims against both defendants.

Jones appealed that order in December 2020. We affirmed the dismissal of the state claims and the hybrid Section 301 claim against both the union and Interlake. But we reversed on Jones's standalone fair-representation and processing-fee claims against the union, and remanded those claims to the district court.

On remand, Jones sought to bring Interlake back into the case by filing a motion to amend the complaint—but the court denied that motion as futile. The union, for its part, sought to resolve the processing-fee claim by paying Jones $50. Rather than seek to dismiss that claim voluntarily, however, Jones moved for summary judgment as to that claim and requested attorney fees. The court granted summary judgment to Jones, but denied without prejudice her request for attorney fees. The union later moved for summary judgment on Jones's standalone fair-representation claim. The court granted that motion, and Jones brought this appeal.

II.

We review the district court's grant of summary judgment de novo. *Walden v. General Electric Int'l, Inc.*, 119 F.4th 1049, 1056 (6th Cir. 2024).

Unions must fairly represent their members in contract negotiations. *See Air Line Pilots Ass'n, Intern. v. O'Neill*, 499 U.S. 65, 67 (1991). A union breaches this duty when its "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Here, Jones contends that the union acted arbitrarily— by agreeing to terms that classified chief stewards as at-will employees.

"[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *O'Neill*, 499 U.S. at 67 (citation omitted). Under this standard, a union's conduct can favor one group over another as long as the union's "actions are related to legitimate union objectives." *Bondurant v. Air Line Pilots Ass'n*, 679 F.3d 386, 393 (6th Cir. 2012).

Here, by way of background, Interlake had no obligation under federal law to bargain with the union at all regarding the supervisors on Interlake's ships. *See* 29 U.S.C. § 164(a); *Florida Power & Light Co. v. Int'l Bhd. of Elec. Workers, Loc. 641*, 417 U.S. 790, 808 (1974). Interlake used that leverage, in negotiations with the union, to propose that captains and chief stewards be excluded from the agreement's scope. In response, the union proposed a compromise: that chief stewards get pension benefits (among other things) under the agreement while being excluded from the agreement's protections against termination. Interlake accepted those terms. Thus, Interlake retained the authority to terminate chief stewards at will, but the union secured various benefits—notably, eligibility for the union's pension benefits—for all of Interlake's supervisors, including captains and chief stewards. The union's actions with respect to Interlake's chief stewards therefore were not irrational. To the contrary, it negotiated for them half a loaf of benefits, whereas under federal law Interlake could have afforded them none at all. *See Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 45-46 (1998).

Jones separately asserts—in passing—that the union acted in bad faith during its initial contract negotiations with Interlake and again when it refused to arbitrate Jones's claim against Interlake. But she did not develop those arguments in her opening brief. Hence she has forfeited them. *Bose v. Bea*, 947 F.3d 983, 993 (6th Cir. 2020).

Jones also challenges the district court's denial of her motion to amend her complaint to add two new claims against Interlake. The district court held that neither claim would survive a motion to dismiss and thus denied Jones's motion as futile. We agree: as Jones herself concedes, both of those claims were derivative of her fair-representation claim, which both the district court and now this court have rejected as a matter of law. *See Hobart-Mayfield, Inc. v. Nat'l Operating Comm. on Standards for Athletic Equip.*, 48 F.4th 656, 663 (6th Cir. 2022).

Finally, Jones asks that we remand this case so that she can file a post-judgment motion for attorney fees related to her processing-fee claim. Jones earlier sought those fees in the district court, but the court denied that motion "without prejudice" to Jones "filing an appropriate motion for attorney fees upon conclusion of the remaining issues in the case." Jones has not filed any such motion, so the district court has not had occasion to decide whether one would be timely. In the event that Jones chooses to file one, the district court can decide that question in the first instance. *See JPMorgan Chase Bank, N.A. v. Winget*, 920 F.3d 1103, 1105 (6th Cir. 2019).

\* \* \*

The judgment of the district court is affirmed.